UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERVING SUAREZ,<br><br>                          Plaintiff,<br><br>            -against-<br><br>BQA TRANSPORT LLC, RY-MO LOGISTICS, INC., and EDDIE BAL DOE,<br><br>                          Defendants. | 23-CV-6032 (VEC)<br><br>ORDER ADOPTING REPORT & RECOMMENDATION |

VALERIE CAPRONI, United States District Judge:

Erving Suarez sued BQA Transport LLC, RY-MO Logistics, Inc., and Eddie Bal Doe alleging various violations of state and federal wage and hour laws. *See* Compl., Dkt. 1. That lawsuit was settled. Settlement Agreement, Dkt. 20-1. Claiming that Defendants have failed to make payments as required pursuant to the Settlement Agreement, Plaintiff moves to enforce the judgment. Second Mot. to Enforce Judgment, Dkt. 39 (the "Motion" or "Mot."). The Court referred the Motion to Magistrate Judge Cave, who recommended that the Motion be granted. Report and Recommendation (the "R&R"), Dkt. 45. Defendant did not respond to the Motion or object to the R&R. The Motion is GRANTED.

## BACKGROUND

In December 2023, the parties entered into a Settlement Agreement, pursuant to which Defendant agreed to pay $30,000 ($19,448.01 to Plaintiff and $10,551.99 to Plaintiff's counsel, Stillman Legal, P.C.) in fifteen monthly installments. *See* Settlement Agreement at 1–4. The Court dismissed the case with prejudice but retained jurisdiction to enforce the Settlement Agreement. *See* December 19, 2023, Order, Dkt. 21.

As part of the Settlement Agreement, Defendants executed an Affidavit of Confession of Judgment. *See* Confession of Judgment, Dkt. 39-2. The Confession of Judgment provides that if

Defendants fail to make timely payments under the Settlement Agreement, Plaintiff may obtain a judgment against Barakat Emadeddin in New York state court in the amount of $45,000 (less any amount already paid to Plaintiff). *Id*. at 1. Emadeddin was never added as a party to this action and his relationship to the parties remains entirely unknown.

In January 2025, upon Plaintiff's representation that Defendants had breached the Settlement Agreement, the Court reopened the case "for the limited purpose of permitting Plaintiff to move for an order enforcing the [S]ettlement [A]greement." January 13, 2025, Order, Dkt. 38, at 2. Plaintiff filed the instant Motion shortly thereafter. According to Plaintiff, Defendants have paid $15,999.71, and "[t]he remaining unpaid amount is $14,000.29, consisting of $9,075.99 owed to [Plaintiff] and $4,924.30 owed to [his counsel.]" Affirmation of Lina Stillman, Dkt. 40, ¶ 9. Plaintiff seeks two contradictory judgments: one for the remaining amount owed under the Settlement Agreement, Mot. at 1, and another for the remaining amount owed under the Confession of Judgment, Proposed Judgment, Dkt. 41, at 1.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72(b) advisory committee's note.

Careful review of the R&R reveals that there is no clear error in its conclusions. The Court credits Plaintiff's uncontested assertion that Defendants have paid only $15,999.71 to date. *See* R&R at 5. The Court also agrees with Magistrate Judge Cave's conclusion that because the Court approved and retained jurisdiction to enforce the Settlement Agreement, and because the

Settlement Agreement anticipated that the Confession of Judgment would be dealt with in state court, Plaintiff is entitled only to judgment for breach of the Settlement Agreement. *See id.* at 5–6.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the R&R in full. Accordingly, Plaintiff's Second Motion to Enforcement Judgment is GRANTED to the extent it seeks to enforce the Settlement Agreement. The Clerk of the Court is respectfully directed to enter judgment in favor of Plaintiff and against Defendants in the amount of $14,000.29, consisting of $9.075.99 owed to Plaintiff Erving Suarez and $4,924.30 owed to Stillman Legal, P.C.

Because neither party objected to the R&R, and because the R&R expressly warned that the failure timely to object would result in the waiver of any such objections, appellate review of this decision is precluded. *See* Fed. R. Civ. P. 72(b) advisory committee's note; *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 602–03 (2d Cir. 2008).

**SO ORDERED.**

**Date: April 4, 2025**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**